**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

ANGELO JOHNSON,

                           **Plaintiff,**

    vs.                                                   9:11-cv-00531
                                                                   (MAD/TWD)

**MICHAEL A. SCHIFF, Sheriff of Sullivan County
Jail, sued in his individual and official capacities;
LT. WILLIAM DEVITO, Sullivan County Jail, sued in
his individual and official capacity; THOMAS LOUGHERN,
Sheriff of Chenango County Correctional Facility, sued in his
individual and official capacities; SGT. FRIOT, Chenango
County Correctional Facility, sued in his individual and official
capacity; SGT. SHOALE, Chenango County Correctional Facility,
sued in her individual and official capacity; SGT. RYAN, Chenango
County Correctional Facility, sued in his individual and official
capacity; C.O. CHESEBRO, Chenango County Correctional Facility,
sued in her individual and official capacity; C.O. MOSCATO, Chenango
County Correctional Facility, sued in his individual and official capacity;
C.O. ALEMAR, Chenango County Correctional Facility, sued in his
individual and official capacity; C.O. ROTUNDO, Chenango County
Correctional Facility, sued in his individual and official capacity; C.O.
DEMUN, Chenango County Correctional Facility, sued in his individual
and official capacity; C.O. PARKER, Chenango County Correctional
Facility, sued in his individual and official capacity; C.O. LACOTTA,
Chenango County Correctional Facility, sued in his individual and official
capacity; C.O. JOHN DOE, Chenango County Correctional Facility, sued
in his individual and official capacity; R.N. JOANNE LOCKE, Chenango
County Correctional Facility, sued in her individual and official capacities;
C.O. HACKETT, Chenango County Correctional Facility, sued in his
individual and official capacity; LT. SCHULT, Chenango County
Correctional Facility, sued in his individual and official capacity,**

                                          **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **BREEDLOVE & NOLL, LLP**<br>10 Maxwell Drive, Suite 105<br>Clifton Park, New York 12065<br>Attorneys for Plaintiff | **BRIAN BREEDLOVE, ESQ.** |
| **SULLIVAN COUNTY ATTORNEY'S OFFICE** | **SAMUEL S. YASGUR, ESQ.** |

100 North Street
Monticello, New York 12701
Attorneys for Defendant Michael A. Schiff

**DREW, DAVIDOFF LAW FIRM**                              **MICHAEL DAVIDOFF, ESQ.**
13 Liberty Street
PO Drawer 1040
Monticello, New York 12701
Attorneys for Defendant Lt. William DeVito

**LEVENE, GOULDIN LAW FIRM**                             **MARIA E. LISI-MURRAY, ESQ.**
Vestal Office
450 Plaza Drive
Vestal, New York 13850
Attorneys for Defendants Thomas Loughern,
Sgt. Friot, Sgt. Shoale, Sgt. Ryan, C.O. Chessebro,
C.O. Moscato, C.O. Alemar, C.O. Rotundo, C.O. DeMun,
C.O. Parker, C.O. LaCotta, C.O. John Doe, R.N. Joanne
Locke, C.O. Hackett, and Lt. Schult

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights by transferring him from the Sullivan County Jail to the Chenango County Jail, where he was subjected to excessive force and inadequate medical care. On September 10 and 13, 2013, Magistrate Judge Dancks issued two Report-Recommendations and Orders, recommending that the Court (1) grant Defendant Schiff's motion for summary judgment and terminate him from this action; (2) deny Plaintiff's motion to strike; (3) deny Defendant DeVito's motion for summary judgment; (4) *sua sponte* dismiss the official capacity claims against Defendant DeVito; and (5) grant in part and deny in part the Chenango County Defendants' motion for summary judgment. *See* Dkt. Nos. 147 & 149. On September 26,

2013, Defendant DeVito objected to the portion of the Report-Recommendation and Order recommending that the Court deny his motion for summary judgment. *See* Dkt. No. 152.

In a Memorandum-Decision and Order dated September 30, 2013, the Court adopted Magistrate Judge Dancks' Reports in their entirety. *See* Dkt. No. 154. On October 7, 2013, the Court received objections from Plaintiff. *See* Dkt. No. 157. Although the Court has already disposed of the pending motions, the Court will address the issues raised in Plaintiff's objections.[1]

## II. DISCUSSION

In his objections to Magistrate Judge Dancks' recommendations, Plaintiff first asserts that his amended complaint "sufficiently states a valid claim against defendant Schiff." *See* Dkt. No. 157 at 1. Plaintiff claims that, in his opposition papers, he established that Defendant Schiff exercised sole control of the Sullivan County Jail. *See id.* at 1-2. Therefore, Plaintiff contends that "Colonel Harold L. Smith, Jr. the Jail Administrator is subjected to defendant Schiff . . . making him by law, ultimately responsible of that administration. Therefore as required by law defendant Schiff was to have at least construct[ive] knowledge of the welfare of his detainees." *See id.* at 2. Plaintiff claims that he and other inmates made the Sullivan County Jail administration aware of the "widespread excessive force against Monticello inmates being perpetrated by Chenango County Officials," but that they failed to act. *See id.*

As to Defendant Locke, Plaintiff asserts that Magistrate Judge Dancks erred in finding that Plaintiff failed to establish a serious medical condition regarding his deliberate indifference claim. *See id.* at 4. Plaintiff claims that his treatment by Defendant Locke, two hours after he was

---

[1] The refers the parties to its September 30, 2013 Memorandum-Decision and Order for a recitation of the relevant factual background.

"brutally assaulted," constituted a conscious disregard of the serious injuries he had sustained. *See id.* at 5. Further, Plaintiff alleges that, collectively, his injuries constituted a serious medical condition. *See id.* Moreover, Plaintiff states that Magistrate Judge Dancks erred in determining that he failed to meet the subjective component of this claim as well. *See id.* Plaintiff asserts that he was not provided with treatment immediately after the May 10 and May 19 incidents as Defendant Locke claims and that the treatment he was eventually provided was inadequate. *See id.*

Next, Plaintiff objects to Magistrate Judge Dancks recommendation that the Court *sua sponte* dismiss the official capacity claims against Defendant DeVito. *See id.* at 6-7. Finally, Plaintiff argues that Magistrate Judge Dancks erred in recommending dismissal of his conditions of confinement claim. *See id.* at 7. Plaintiff claims that his testimony and amended complaint detailing Defendants' failure to provide him with "basic supplies, blankets, sheets, soaps or writing materials" were sufficient to create a genuine issue of material fact. *See id.*

**A.    Standard of review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (qquoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Application**

In the present matter, although Plaintiff has filed objections to Magistrate Judge Dancks' May 10 and May 13 Reports, he simply repeats arguments he has previously made. As to Defendant Schiff, Plaintiff's objections mostly incorporate by reference his previous filings in this case. For example, Plaintiff argues that his opposition to the motion for summary judgment sufficiently established that Defendant Schiff exercised sole control over the Sullivan County Jail and, therefore, was personally involved in and had knowledge of the alleged misconduct. *See* Dkt. No. 157 at 1-2. To the contrary, the record makes clear that Defendant Schiff lacked any personal involvement in Plaintiff's alleged constitutional deprivations as Magistrate Judge Dancks correctly determined.

As to Plaintiff's deliberate indifference claim, Magistrate Judge Dancks correctly determined that Plaintiff's knee injury and lacerations do not rise to the level of a "serious medical condition;" and, therefore, Plaintiff failed to establish the objective prong of his deliberate

6

indifference claim. *See Johnson v. Wright*, 477 F. Supp. 2d 572, 575-76 (W.D.N.Y. 2007) (collecting cases); *Rickett v. Orsino*, No. 10 Civ. 5152, 2013 WL 1176059, *17 (S.D.N.Y. Feb. 20, 2013) (collecting cases). Further, even if his injuries rose to the level of a serious medical condition, the evidence clearly demonstrated that Defendant Locke provided medical care to Plaintiff immediately following the May 10 and May 19, 2008 incidents. *See* Dkt. No. 117-10. Defendant Locke provided thorough treatment for the injuries that she observed and provided Plaintiff with Motrin for his pain. *See id.* at ¶¶ 7, 9. Other than Plaintiff's general allegations that Defendant Locke was deliberately indifferent, Plaintiff has not submitted any evidence raising a triable issue of fact as to this claim.

As to the recommended dismissal of the official capacity claims against Defendant DeVito, the law is well-settled that official capacity claims against individual municipal employees are only permitted in limited circumstances, none of which are applicable to the facts alleged against Defendant DeVito in this case. *See Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000) (citations omitted). Finally, Magistrate Judge Dancks correctly recommended that the Court dismiss Plaintiff's conditions of confinement claim. Plaintiff has only provided cursory descriptions in his complaint and deposition regarding the alleged deprivations. Plaintiff alleged that he was left "in a cold cell without the minimum basic supplies, *e.g.*, blankets, sheets, soap or writing materials." *See* Dkt. No. 93 at ¶ 49. He testified to those same conditions at his deposition, using almost exactly the same words and providing no additional detail. *See* Dkt. No. 117-3 at 136-137. These allegations are insufficient to support a conditions of confinement claim. *See Davidson v. Murray*, 371 F. Supp. 2d 361, 371-73 (W.D.N.Y. 2005) (granting the defendants' motion for summary judgment where the plaintiff alleged simply that he was "steadfastly and routinely denied" hygiene items such as toothpaste,

soap, toilet tissue, and cleaning items over a three-year period but refused to provide any details of the alleged deprivation).

### III. CONCLUSION

After carefully considering Magistrate Judge Dancks' Report and Recommendations, the parties submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' September 10 and 13 Report and Recommendations (Dkt. Nos. 147 and 149) are **ADOPTED** in their entirety for the reasons stated therein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules

**IT IS SO ORDERED.**

Dated: December 12, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge